HARDIMAN v. HOLLINGSWORTH

[No. 27,368. Filed March 4, 1940.]

*Fraser & Isham,* of Fowler, for appellant.

*Berry & Nolin,* of Fowler, for appellee.

ROLL, J.—This is an action on a promissory note by appellant against appellee.

The issues were formed by a complaint in one paragraph, to which appellee filed answer in four paragraphs. The first paragraph was a general denial; the second, a plea of no consideration; the third, a plea of payment, and, in the fourth paragraph, appellee admits the execution of the note sued upon, but denies liability because said note was an accommodation note given in order that the payee, The Peoples Store, could borrow four hundred dollars from the Bank of Benton County by the use of said note as collateral security for said loan, and also he asserts that appellant is not an innocent purchaser before maturity. Appellant filed a reply of general denial to the second, third, and fourth paragraphs of answer. There was a trial by a jury which found for the defendant, appellee herein. The error assigned is the overruling of appellant's motion for a new trial. The motion for a new trial questions the sufficiency of the evidence.

The record discloses the following facts: that for several years prior to the execution of the note herein sued upon, John Garing, H. W. Garing, his brother, and Thomas Crawford, owned and operated as partners a grocery and meat business known as The Peoples

Store. The evidence introduced by appellant gives the following version of the facts involved in this action. In August, 1930, appellee received a call from The Peoples Store, and he responded to this call, going to the store, and there he talked to John Garing. Garing told appellee that his son, George, owed the store $650.00 and asked appellee to pay it. Appellee said he did not have the money, but that he would give him a note for that amount and he did. (This is the note sued upon.)

This note shows the following indorsement on the back thereof. "Peoples Store, Fowler, Indiana, Thomas Crawford and John A. Garing by John Garing, Partner." The note then was taken to the bank and turned over to it as collateral security. The bank had, about eight years previously, loaned The Peoples Store money for which notes were given. The bank held two notes of The Peoples Store, each for the sum of $1,500.00. Appellant signed these two notes as surety. The Peoples Store had pledged other notes as collateral in an amount in excess of the face of the notes. These notes of The Peoples Store pledged as collateral were placed inside of the envelope, upon which was written the principal note, with a rubber band around them. The cashier of the bank testified that he wrote The Peoples Store that some of the notes pledged as collateral for the two $1,500.00 notes were due, and that they would have to bring in additional collateral. The cashier also testified that Garing brought to the bank appellee's note for $650.00 and that he placed it in the envelope with the other collateral for the two $1,500.00 notes. The bank closed in 1931, and appellant, as surety, paid off the two $1,500.00 notes, and interest thereon. He then took possession of the note here in suit, and instituted this action to collect the same.

The bill book kept by the bank showing the individual indebtedness of the Peoples Store was introduced in evidence. The notes given by the store were listed by the bank under the names of T. G. Crawford. The bill book sheet had a separate column under which was recorded the number of the note, time, date when due, debits, date when paid, credits, the balance due, and a column where the security was listed.

The several notes given by The Peoples Store including the two $1,500.00 notes were listed on this sheet with their proper numbers, the name of surety, rate of interest, etc. On all the notes given by The Peoples Store, the name of Edward Hardiman, John A. Garing and Henry W. Garing were listed as sureties. On this sheet also appears, note No. 7034, for $400.00 dated August 14, 1930, for 10 days, and under the column headed "Security" appears "James Hollingsworth note." Again on the same page of the bill book appears a second entry. Note No. 7373 dated December 30, 1930, due in 30 days and the amount $400.00. In the column headed "security" we find the following entry, "$650.00 James Hollingsworth note." It is in evidence that the second $400.00 note was a renewal of the first $400.00 note given on August 14, 1930.

The evidence on behalf of appellee was to the effect that when he called at the Peoples Store on August 14, 1930, and had a conversation with Garing and Crawford, Garing asked appellee to sign a note for George's grocery bill. Crawford said, "That won't do any good, the bill ain't big enough to cover what we've got to have at the present time." They asked him to sign a note for $650.00, due in ten days, to be put up as collateral at the bank, and he signed it. In about thirty days thereafter he received notice from the bank that

the note was due and he went to the bank and talked to the cashier, and told him that the note was only collateral and that he did not have to pay it. Appellee then went over and talked to Mr. Crawford about the matter, and Crawford told him that he would lift the note as soon as it was due. Afterwards Crawford told him that the note had been paid. Appellee heard nothing more about this note for about five years thereafter, and not until he received a letter from appellant's attorney that he had a note against him for collection.

It is upon the above facts that appellant contends that there is no evidence to support the verdict. We think the evidence is sufficient to justify the jury in finding; that the note in question was an accommodation note given by appellee to The Peoples Store to be used as collateral; that The Peoples Store took it to the bank and borrowed $400.00 and pledged the $650.00 note as collateral to secure the payment of said $400.00 note, and that note alone, for the reason that the records of the bank showed that on August 14, 1930, The Peoples Store gave the Bank a note for $400.00, and that they listed on their record the $650.00 note signed by appellee as security therefor. Also the records of the bank designated the specific security held for all the other notes given by The Peoples Store, but nowhere listed the Hollingsworth note as security therefor. The record shows payment by the Peoples Store of the $400.00 note, and if the note here in question were pledged as collateral to the $400.00 note, as soon as the $400.00 note was paid the bank should have released the $650.00 note to appellee. Appellant by paying the notes which he signed as surety obtained no right or title to the $650.00 note pledged as collateral for the payment of the $400.00 note which was liquidated by The Peoples

Store and not by appellant. We conclude that the record discloses facts sufficient to support the verdict, and that the verdict is not contrary to law.

No reversible error is made to appear; the judgment is therefore affirmed.

NOTE: Reported in 25 N. E. (2d) 640.